UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MALIBU MEDIA, LLC,                              :

                Plaintiff,           :

     -against-                                         :     **MEMORANDUM AND ORDER**

JOHN DOE subscriber assigned IP address  :     15-CV-1883 (LTS)(KNF)
207.38.208.137,
                                        :
                Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      The plaintiff, Malibu Media, LLC, alleged in its complaint that it is the registered owner of "Copyrights-on-Suit" concerning certain movies, which the defendant, known to the plaintiff only "by his, her or its IP Address," infringed by using the BitTorrent file distribution network. The plaintiff alleged that the "Defendant's Internet Service Provider ["ISP"] can identify the Defendant." The plaintiff asserted that its "investigator, IPP International UG ("IPP"), established a direct TCP/IP connection with the Defendant's IP address." According to the plaintiff, the defendant "downloaded, copied and distributed a complete copy of Plaintiff's movies without authorization."

      Before the Court is the plaintiff's motion, made pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, "for leave to serve a third party [sic] subpoena on RCN Corporation, prior to a Rule 26(f) conference." The plaintiff contends that good cause exists to grant its motion because: (a) the plaintiff established a prima facie claim for copyright infringement; (b) the plaintiff has clearly identified specific information it seeks through discovery from the defendant's ISP, namely, "the true name and address of the Defendant"; (c) "there is no other

1

way for Plaintiff to obtain Defendant's identity, except by serving a subpoena on Defendant's ISP demanding it"; (d) "identifying the Defendant by name is necessary for Plaintiff to advance the asserted claims"; and (e) the "Defendant does not have a legitimate interest in remaining anonymous, and Plaintiff has a strong statutorily recognized and protected interest in protecting its copyrights." The plaintiff asserts that, as alleged in the complaint, it "used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District." The plaintiff asserts it has filed a notice of related cases pursuant to Local Civil Rule 1.6(a), and it requests leave "to issue a Rule 45 subpoena to the ISP."

In support of its motion, the plaintiff submitted declarations by Colette Field ("Field"), Patrick Paige ("Paige") and Tobias Fieser ("Fieser"). Field stated that she and her husband own Malibu Media d/b/a as X-Art.com, an Internet website. According to Field, internet subscription sales are the plaintiff's primary source of revenue and Field and her husband have never authorized "anyone to put our work on a torrent website."

Paige stated that from 2000 to 2011, he served as a detective in the computer crimes unit of the Palm Beach County Sheriff's Department. As part of his work, Paige "conducted forensic computer examinations on behalf of the FBI, Florida Department of Law Enforcement, and the U.S. Secret Service." Since leaving the Palm Beach County Sheriff's office, Paige founded Computer Forensics, LLC, where he is currently employed. Paige contends that in his "experience, during the initial phase of Internet based investigations, the offender is only known to law enforcement by an IP address." Paige asserts that "[t]he only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider."

According to Paige, "[o]nce provided with the IP Address, plus the date and time of the detected and documented activity, ISPs can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber in control of that IP address at the stipulated date and time."

Fieser stated that he is employed by IPP, a company in the business of providing forensic investigation services to copyright owners. Fieser asserts that IPP was retained by the plaintiff "to monitor the BitTorrent file distribution network in order to identify IP addresses that are being used . . . to distribute Plaintiff's copyrighted works without authorization." IPP tasked Fieser with "effectuating, analyzing, reviewing and attesting to the results of the investigation." According to Fieser, in performing the investigation, he used International IPTracker v.1.5 forensic software and related technology to facilitate scanning the BitTorrent file distribution network for the presence of infringing transactions involving the plaintiff's movies. Fieser asserts that he "isolated the transactions and the IP addresses being used on the BitTorrent file distribution network to distribute Plaintiff's copyrighted works."

***Legal Standard***

"A motion seeking a discovery ruling is addressed to the discretion of the district court." Baker v. F & F Inv., 470 F.2d 778, 781 (2d Cir. 1972). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). When applications for expedited discovery have been made in copyright infringement cases, some courts in this judicial district have used "the flexible standard of reasonableness and good cause," articulated in Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 327 (S.D.N.Y. 2005), to determine whether expedited

discovery, pursuant to Rule 26(d), is warranted. See e.g., Next Phase Distrib., Inc. v. John Does 1-27, 284 F.R.D. 165, 172 (S.D.N.Y. 2012) (applying good cause where the plaintiff alleged a prima facie case of copyright infringement and permitting expedited discovery to identify defendant Doe No. 1, while also issuing a protective order, due to "the high likelihood of false positive[]" identification). The Court will apply "the flexible standard of reasonableness and good cause," adopted in Ayyash, 233 F.R.D. at 327, and will also consider any factors relevant to the circumstances of this case.

***Application of Legal Standard***

Although the plaintiff contends, in its memorandum of law, that it has identified specific information it seeks to discover from the alleged defendant's ISP, RCN Corporation, which is "the true name and address of the Plaintiff," the plaintiff failed to submit the proposed subpoena, including the proposed language commanding production. Thus, without the specific language of the command, the Court is unable to assess whether the subpoena is tailored narrowly to achieve its alleged purpose, or whether it is otherwise proper.

In support of its argument that no alternative means exist to obtain the defendant's "true identity," other than receiving the information from the defendants's ISP, the plaintiff refers to Paige's statement that, "[o]nce provided with the IP Address, plus the date and time of the detected and documented activity, ISPs can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber in control of that IP address at the stipulated date and time." However, Paige, a former detective in the computer crimes unit of the Palm Beach County Sheriff's Department, and a current employee of Computer Forensics, LLC, has no personal knowledge of what information "ISPs can use" or what procedures, if any, ISPs employ or the substantive work they perform in analyzing their

data or identifying their subscribers. Paige also failed to establish any basis for his statement that "[t]he only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider," given that he has never been employed by any ISP, and he does not claim he has personal knowledge of what methods, if any, are used by ISPs or any other entity to correlate an IP address to a specific individual at a given date and time. Moreover, no competent evidence was submitted by the plaintiff in support of its contention that "there is no other way for Plaintiff to obtain Defendant's identity, except by serving a subpoena on Defendant's ISP demanding it." The plaintiff's conclusory, unsupported contention that no alternative means exist to obtain the defendant's identity except by serving a subpoena on the defendant's ISP, without more, does not militate in favor of finding good cause. The plaintiff's submissions are devoid of any information describing what, if any, alternative means the plaintiff attempted to use to obtain the defendant's identity, that led the plaintiff to its conclusion that "no alternative means exist to obtain" it except by serving a subpoena on the defendant's ISP. If, as the plaintiff contends, no alternative means exist to obtain the defendant's identity except by serving a subpoena on the defendant's ISP, that contention must be supported by competent evidence, which is what the plaintiff failed to provide here.

In light of the proliferation of copyright infringement cases in which motions for expedited discovery, such as this one, are made in an attempt to discover the identity of the defendant by serving a subpoena on a third-party Internet service provider, see e.g., Docket Entry No. 4 (Notice of Related Cases in which the plaintiff contends it intends to make the same motion in its 123 cases pending in this court, in which the defendants are known to it only by their IP addresses), and the plaintiff's failure to submit the proposed subpoena and to convince the Court that no alternative means exist to discover the defendant's identity, except by serving

5

the subpoena on the defendant's ISP, the Court finds that good cause does not exist warranting the requested relief.

*Conclusion*

For the foregoing reasons, the Court finds that the plaintiff's motion, Docket Entry Nos. 5 & 11(identical motion filed twice), is denied.

Dated: New York, New York
April 10, 2015

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE