USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/5/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

MALIBU MEDIA, LLC, :

Plaintiff, :

-against- :

JOHN DOE subscriber assigned IP address 207.38.208.137, :

Defendant.

-----------------------------------------------------X

**MEMORANDUM AND ORDER**

15-CV-1883 (LTS)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

The plaintiff, Malibu Media, LLC, alleged in its complaint that it is the registered owner of "Copyrights-on-Suit" concerning certain movies, which the defendant, known to the plaintiff "by his, her or its IP Address," infringed by using the BitTorrent file distribution network. The plaintiff alleged that the "Defendant's Internet Service Provider ["ISP"] can identify the Defendant." The plaintiff asserted that its "investigator, IPP International UG ("IPP"), established a direct TCP/IP connection with the Defendant's IP address." According to the plaintiff, the defendant "downloaded, copied and distributed a complete copy of Plaintiff's movies without authorization." On April 10, 2015, the Court denied the plaintiff's motion, made pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, "for leave to serve a third party [sic] subpoena on RCN Corporation, prior to a Rule 26(f) conference." Before the Court is the "Plaintiff's Renewed Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference," made pursuant to Rule 26(d)(1). The plaintiff's notice of motion contends that "[a] proposed order is attached for the Court's convenience." No proposed order was attached to any of the plaintiff's papers.

The plaintiff asserts:

> This Court's opinion stated its denial was based upon: (i) Plaintiff's omission to attach a copy of its Proposed Subpoena for the Court's review; (ii) a lack of elaboration by Plaintiff as to the reasons that a subpoena to an Internet Service Provider is the only way for Plaintiff to lawfully receive Defendant's identity and pursue its claims; (iii) requiring further illustration of the Internet Service Provider's obligations and methods used to respond to subpoenas seeking subscriber information; and (iv) requesting an update and report as to the status of motions filed by Plaintiff for leave to serve third party subpoenas on Internet Service Providers in the related cases by [sic] in CM/ECF 4.

The plaintiff contends that it "addresses all of these concerns here and thereby renews and supplements its Motion for Leave to Serve a Third Party Subpoena Prior to The Rule 26(f) Conference." According to the plaintiff, "[t]here is no other means available to Plaintiff to obtain the information sought from the ISP other than by the requested third party subpoena," and "Magistrate Judge Sarah Netburn in a related case on April 1, 2015 held that courts have found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers. *Malibu Media, LLC [v.] John Doe et al*, 15-cv-551 (LTS-SN) dated April 1, 2015 (D.E. # 11)." Moreover, "in the Southern District of New York every judge and magistrate [sic] ruling on Plaintiff's motion for leave to file a subpoena on the ISP in all related cases to this case have permitted Plaintiff to subpoena the ISP." The plaintiff contends:

> Some judges in the Southern District require Plaintiff's counsel to include notices to the defendants and to take other steps to safeguard John Doe defendant . . . Plaintiff has complied with all such notice requirements without objection and will likewise comply with any conditions this court requires. Plaintiff further submits a sample of such a notice that was recently required by Honorable Judge Edgardo Ramos in 15-cv-562 (ER) dated April 17, 2015. . . . This Court's present denial of the third party subpoena renders the alleged copyright infringement of 43 of Plaintiff's protected works immune from redress under the copyright statutes and the DMCA - a result Congress explicitly did not adopt and needlessly creates a conflicting opinion in contrast to other Judge's rulings on the same issue in the Southern District.

The plaintiff contends that it "has no independent way to learn the IP subscriber's name and address." It maintains that "Paige's[1] testimony may be relied upon to establish the accuracy of information turned over by an ISP based upon his personal experience as a law enforcement officer and in his private practice as an expert in computer forensics." Furthermore, "Paige's testimony is strongly bolstered by Fieser's[2] direct testimony that the IP subscriber is in fact connected to the expert's server and transmitted the infringed materials." The plaintiff asserts that it "renders and supplements its motion and seeks leave of Court to serve a Rule 45 subpoena on the Defendant's ISP. This subpoena will demand the true name and address of the Defendant." In support of its motion, the plaintiff submitted a memorandum of law and a declaration by its attorney, Jacqueline M. James, Esq., with: (a) Exhibit 1, the proposed subpoena; (b) Exhibit 2, "Chart of Related Cases filed in The Southern District Granting Leave to Serve a Third Party Subpoena"; (c) Exhibit 3, "Copy of the Honorable Judge Edgardo Ramos's Order in 15-cv-562 (ER) dated April 17, 2015"; and (d) Exhibit 4, "[a]n excerpt of the deposition testimony of Colin Padgett dated April 25, 2013, an employee of ISP Comcast, submitted at trial in the Eastern District of Pennsylvania in 12-cv-02088-MMB." The plaintiff's memorandum of law repeats, almost verbatim, the plaintiff's arguments made in its motion that was denied by the April 10, 2015 order.

***Legal Standard***

"A motion seeking a discovery ruling is addressed to the discretion of the district court."

---

[1]A declaration by Patrick Paige, former detective in the computer crimes unit of the Palm Beach County Sheriff's Department, was submitted in support of the previously denied motion.

[2]A declaration by Tobias Fieser, employed by IPP International UG, was submitted in support of the previously denied motion.

Baker v. F & F Inv., 470 F.2d 778, 781 (2d Cir. 1972). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). When applications for expedited discovery have been made in copyright infringement cases, some courts in this judicial district have used "the flexible standard of reasonableness and good cause," articulated in Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 327 (S.D.N.Y. 2005), to determine whether expedited discovery, pursuant to Rule 26(d), is warranted. See e.g., Next Phase Distrib., Inc. v. John Does 1-27, 284 F.R.D. 165, 172 (S.D.N.Y. 2012) (applying good cause where the plaintiff alleged a prima facie case of copyright infringement and permitting expedited discovery to identify defendant Doe No. 1, while also issuing a protective order, due to "the high likelihood of false positive[]" identification). The Court will apply "the flexible standard of reasonableness and good cause," adopted in Ayyash, 233 F.R.D. at 327, and will also consider any factors relevant to the circumstances of this case.

***Application of Legal Standard***

The Court denied the plaintiff's previous motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference based on two grounds, namely the plaintiff's failure to submit: (1) the proposed subpoena; and (2) evidence supporting its contention that no alternative means exist to obtain the defendant's identity except by serving a subpoena on the defendant's Internet Service Provider, RNC Corporation. The plaintiff's contention that the April 10, 2015 order "requir[ed] further illustration of the Internet Service Provider's obligations and methods used to respond to subpoenas seeking subscriber information," and "request[ed] an update and report as to the status of motions filed by Plaintiff for leave to serve third party subpoenas on Internet

Service Providers in the related cases by [sic] in CM/ECF 4," is frivolous. Moreover, the Court did not deny the plaintiff's previous motion based on "a lack of elaboration by Plaintiff as to the reason that a subpoena to an Internet Service Provider is the only way for Plaintiff to lawfully receive Defendant's identity and pursue its claims"; rather, the Court's denial was based on the lack of ***any evidence*** to support that contention. The plaintiff also contends that it "renews and supplements its Motion for Leave to Serve a Third Party Subpoena Prior to The Rule 26(f) Conference." However, the plaintiff's previous motion was rejected on the merits, on April 10, 2015, and no motion is pending that may be supplemented. The plaintiff may not rely on any motion papers submitted on the previous motion that was denied on the merits, without submitting them as part of the instant motion.

"No Other Means Available" Evidence

The plaintiff contends again, as it did in its previous motion, that "[t]here is no other means available to Plaintiff to obtain the information sought from the ISP other than by the requested third party subpoena," without any evidence in support of that contention. The only evidence the plaintiff submitted in support of the instant motion is a declaration by its attorney with the exhibits. The Court did not require or request the plaintiff's "Chart of Related Cases filed in The Southern District Granting Leave to Serve a Third Party Subpoena," and such a chart is not admissible evidence supporting the plaintiff's contention. The Court finds the plaintiff's Exhibit 3, Judge Ramos's April 17, 2015 order in Malibu Media, LLC v. John Doe, 15-CV-562, unconvincing, because that order was based on motion papers identical to the plaintiff's previous motion papers in this action, including identical declarations by Collete Field (undated), Patrick Paige (dated February 18, 2015) and Tobias Fieser (dated January 23, 2015), which the Court already considered and found wanting, when it denied the previous motion.

Moreover, the Court has concerns respecting any order that may direct a non-party to: (i) effect service of a Rule 45 subpoena served upon it and an order of the Court on one its customers; (ii) refrain from acting until a certain time; (iii) preserve any subpoenaed information; (iv) confer with the plaintiff; and (v) refrain from assessing any charge in advance of providing the information requested in the subpoena. These directives include matters beyond the scope of those contemplated by Rules 45 and 26 of the Federal Rules of Civil Procedure and implicate jurisdictional issues related to directives and prohibitions such as are contained in Judge Ramos's order on which the plaintiff relies.

The plaintiff also relies on an order issued "in a related case," by Judge Netburn in Malibu Media, LLC [v.] John Doe et al, 15-cv-551, dated April 1, 2015. The Court notes that the docket sheet maintained by the Clerk of Court does not indicate that the instant action was accepted and designated as related to Malibu Media, LLC [v.] John Doe et al, 15-cv-551. As with Judge Ramos's April 17, 2015 order, the Court finds Judge Netburn's April 1, 2015 order unconvincing, because it was based on motion papers identical to those submitted by the plaintiff on their previous motion in this action, including identical declarations by Collete Field (undated), Patrick Paige (dated February 18, 2015) and Tobias Fieser (dated January 23, 2015), which the Court already considered and found wanting, when it denied the previous motion.

Moreover, the plaintiff's Exhibit 4,"[a]n excerpt of the deposition testimony of Colin Padgett dated April 25, 2013, an employee of ISP Comcast, submitted at trial in the Eastern District of Pennsylvania in 12-cv-02088-MMB," not only does not concern RCN Corporation, the non-party to be subpoenaed here, but also does not support the plaintiff's contention that "[t]here is no other means available to Plaintiff to obtain the information sought from the ISP other than by the requested third party subpoena," because it does not involve any testimony

about that issue. The Court finds that the plaintiff failed to submit any evidence in support of its contention that "[t]here is no other means available to Plaintiff to obtain the information sought from the ISP other than by the requested third party subpoena." The Court finds further that the instant motion did not cure the lack of evidence supporting the plaintiff's arguments, which was one of the two grounds on which the Court relied when it denied the previous motion, on April 10, 2015.

Proposed Subpoena

The plaintiff's proposed subpoena on RCN Corporation, the defendant's internet service provider, states:

> Please produce documents identifying the name, address, and telephone number of the defendant John Doe listed in the below chart:

| IP Address | Date/Time<br>UTC |
|---|---|
| 207.38.208.137 | 01/27/2015<br>12:38:11 |

It is not clear to the Court what the meaning of "Date/Time UTC" is, and the plaintiff does not explain its meaning. To the extent that it is not clear to what "Date/Time UTC" refers, and no explanation is provided to assist RCN Corporation in understanding what the subpoena seeks, the subpoena is unreasonable.

In its memorandum of law, the plaintiff contends that "[t]his subpoena will demand the true name and address of the Defendant." However, the language of the subpoena demands more than what the plaintiff contends in its memorandum of law, namely, "the name, address, and telephone number of the defendant." The April 17, 2015 order of Judge Ramos, on which

the plaintiff relies, excludes explicitly the defendant's email and telephone number from the information demanded by the subpoena in that case: "Malibu is expressly not permitted to subpoena the ISP for the Defendant's email addresses or telephone numbers." Since the plaintiff contends it seeks the defendant's identifying information for the purpose of service, and no service is permitted by telephone, the Court finds that a subpoena demanding the defendant's telephone number is not narrowly tailored and reasonably related to the purpose of the subpoena. The Court finds that the proposed subpoena is vague and seeks information that is not reasonable.

The plaintiff contends that the Court's "denial of the third party subpoena renders the alleged copyright infringement of 43 of Plaintiff's protected works immune from redress under the copyright statutes." However, the denial of the instant motion is due solely to the plaintiff's failure to satisfy its burden of showing that good cause exists to exempt the plaintiff from the moratorium on discovery from any source before the parties have conferred as required by Rule 26(f). The plaintiff did nothing more this time than attempt to convince the Court that granting its motion, previously denied for lack of any evidence in its support, is warranted, just because "every judge and magistrate [sic] ruling on Plaintiff's motion for leave to file a subpoena on the ISP in all related cases to this case have permitted Plaintiff to subpoena the ISP." The Court is unconvinced that the instant motion should be granted just because all the plaintiff's other motions were granted. That is neither the standard by which the instant motion is determined nor sufficient for the plaintiff to show good cause under Rule 26(d)(1).

***Conclusion***

For the foregoing reasons, the plaintiff's motion, Docket Entry No. 17, is denied.

Dated: New York, New York
June 5, 2015

SO ORDERED:

Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE